IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WANDA D. SMITHERMAN, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. 3:07cv259-WC |
| ) | |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

On June 20, 2007, Defendant filed an unopposed Motion to Remand pursuant to sentence six of 42 U.S.C. § 405(g) (2000) (Doc. #10).  Defendant's motion asks the Court to remand this case for further proceedings because the Appeals Council of the Social Security Administration did not consider additional evidence, including records from several treating physicians relevant to the time period in question, which Plaintiff submitted prior to its denial of her request for review of the Administrative Law Judge's negative benefits determination.  Def.'s Mem. in Supp. Mot. to Remand (Doc. #11) at 1.

Sentence six of 42 U.S.C. § 405(g) authorizes the Court to remand a case to the Commissioner for further action if the Commissioner files a motion to remand for good cause before filing an answer.  42 U.S.C. § 405(g).  Here, as mentioned above, the Commissioner voluntarily filed a motion for remand (Doc. #10).  The only issue before the Court is whether the Commissioner has demonstrated good cause.

The Joint Conference Committee of Congress, in reporting upon the Social Security

Disability Amendments of 1980, set forth examples of what may constitute "good cause" for remand: "Where, for example, . . . the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the [Commissioner] for appropriate action to produce a record." H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980); see also Gamble v. Apfel, 2001 WL 102344 at *1 (S. D. Ala. Jan. 5, 2001).

The Commissioner, by voluntarily seeking remand to look at Plaintiff's additional evidence which was available, but not considered, prior to the Appeals Council's decision, essentially concedes the incompleteness of Plaintiff's file. Accordingly, the Court finds Defendant has shown good cause for this matter to be remanded to the Commissioner for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g).

It is

ORDERED that:

A.  Defendant's Motion to Remand (Doc. # 10) be GRANTED. .

B.  This case is REMANDED for further proceedings pursuant to sentence six of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Motion to Remand (Doc. # 10).[1]

---

[1] The Court observes that with entry of this sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination." Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). Thus, under sentence six, a "remand is not a final judgment under the [Equal Access to Justice Act (EAJA)], and the window for filing an EAJA application does not open until judgment is entered in the district court following completion of the remand proceedings." Jackson v. Chater, 99 F.3d 1086, 1095 (11th Cir. 1996).

Done this 20th day of June, 2007.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE